IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| Plaintiff, | ) <br> ) JUDGE |
| v. | ) |
| $15,140.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) <br> ) **COMPLAINT IN FORFEITURE** |

NOW COMES Plaintiff, the United States of America, by Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the Department of Homeland Security by Homeland Security Investigations (HSI) will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On or about May 22, 2024, Defendant $15,140.00 in U.S. Currency and two (2) iPhones were seized from Shamon Monte Price (PRICE) at Cleveland Hopkins Airport and the defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Customs and Border Protection's (CBP) Fines, Penalties & Forfeiture Office (FP&F) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by Dazhaye Barrett (BARRETT) in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. Defendant $15,140.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug distribution activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug distribution activities.

**FORFEITURE**

7. On or about March 30, 2022, PRICE was found guilty of possession of marijuana in the Cleveland Heights Municipal Court.

8. On or about February 10, 2024, PRICE was stopped in Akron, Ohio for a traffic violation and found to be in possession of a prescription bottle for 90 Oxycodone, 10/325 in the name of a third party inside his left interior jacket pocket, three bags of marijuana in his left outside jacket pocket and $837 in U.S. Currency in his right pants pocket; subsequently, on or about September 30, 2024, PRICE was convicted of aggravated possession of drugs in the Summit County Court of Common Pleas.

9. On or about May 22, 2024, HSI Task Force Officer (TFO) Ryan Gibbons was conducting airport interdiction at Cleveland Hopkins International Airport (CLE) when he observed PRICE who was wearing a gray sweat suit with a large bulge in his pocket, walking in the C-concourse near Bar Symon.

10. TFO Gibbons also observed that PRICE was in possession of multiple cell phones, and as PRICE walked past him, TFO Gibbons observed what appeared to him to be a large bundle of U.S. currency in PRICE's front left pocket.

11. TFO Gibbons later observed PRICE standing in the United Airlines C25 gate area where United Airlines flight UA628 from CLE to Chicago, Illinois, O'Hare International Airport, was in the boarding process, and the large bundle that TFO Gibbons previously observed now appeared to be in PRICE's front hoodie pocket.

12. After PRICE entered the boarding line for United Airlines flight UA628, scanned his ticket and walked onto the jet bridge to the aircraft, TFO Gibbons approached PRICE, identified himself as a law enforcement officer, and asked to speak with PRICE.

13. PRICE agreed to speak with TFO Gibbons, answered his questions, and told TFO Gibbons that he was traveling to San Francisco for one day to shop for a gift for his girlfriend because she just graduated from nursing school.

14. TFO Gibbons asked PRICE if he was in possession of a large amount of U.S. Currency and PRICE stated that he had around $10,000.00 in his possession but was unsure of the exact amount. TFO Gibbons asked PRICE if he would show him the currency, and PRICE removed a rubber-banded "quick count" bundle of currency from his front hoodie pocket.

15. PRICE agreed to walk to the HSI airport office with TFO Gibbons, and after they arrived at the office, TFO Gibbons asked PRICE how much currency was in his possession, and PRICE said he could have $14,500.00 altogether, and agreed to place all the U.S. Currency in his possession on the HSI office table.

16. At the HSI airport office, PRICE again said he was only going to be in San Francisco for one day to go shopping, that he purchased a one-way ticket the day before his flight and when asked where he was going to stay in San Francisco, PRICE said that he was going to stay with his friend "Bear" who lives in California and Ohio, but he did not know Bear's real name.

17. TFO Gibbons asked PRICE if he was employed and PRICE stated that he owns a business with his girlfriend, Dazhaye Barrett (BARRETT), called "She So Blinky," that the business has been established for six or seven years and when asked if he had any other source of income, PRICE stated, "No, not really."

18. TFO Gibbons asked PRICE if the U.S. Currency in his possession belonged to him and PRICE stated that it did and that most of the currency came from his business, but he would not elaborate on the source of all the currency.

19. TFO Gibbons asked PRICE what his yearly income was and PRICE stated that he was not sure but he had made $120,000.00 for the current year.

20. TFO Gibbons asked PRICE if he filed taxes for the past two (2) years and PRICE stated that he has not filed taxes for the past two (2) years because he was in prison in 2021 and 2022.

21. TFO Gibbons asked PRICE if he had a bank account and PRICE said he shares an account with his girlfriend BARRETT, that the currency in his possession was withdrawn from the bank account and that he could show TFO Gibbons the Chase Bank account on his phone.

22. PRICE showed TFO Gibbons his Chase Bank account application on his phone, which showed deposits and withdrawals from the account ranging from $2,000.00 to $8,000.00 beginning around mid-April 2024.

23. TFO Gibbons asked PRICE if he had *Cash App* on his phone and PRICE stated that he did have *Cash App* and gave the TFO permission to search his *Cash App* timeline. TFO Gibbons viewed the *Cash App* timeline which showed receipt by PRICE of peer-to-peer (P2P) payments from several individuals in round and even amounts.

24. TFO Gibbons asked PRICE if he had any photos in his phones of illegal narcotics or large amounts of U.S. currency, and PRICE stated that he did not have any photos of illegal narcotics but did have photos of large amounts of U.S. Currency in his phones, and he gave the TFO permission to search his phones. TFO Gibbons viewed the photos on the cell phones and saw large amounts of marijuana, suspected fentanyl pills, and bulk U.S. Currency.

25. Cleveland Police Officer Herrin and his canine partner Ciro (trained and certified by the Ohio Peace Officer's Training Academy (OPOTA) to alert to heroin, cocaine, and methamphetamine) conducted a canine sniff for the odor of illegal narcotics on the seized U.S. Currency and Ciro alerted to the presence of an illegal narcotic odor on the seized U.S. Currency.

26. On May 23, 2924, Cleveland Police obtained a search warrant for the cell phones seized from PRICE and an HSI search of the phones found PRICE's extensive flight history; photographs of illicit drugs, financial transaction documents and U.S. currency; chat messages referencing "stims," "oxy," "pills," and other drug terminology; and a lengthy narrative describing ways to avoid DEA scrutiny when filling prescriptions at pharmacies.

27. On May 28, 2024, TFOs Fronckowiak and Gibbons transferred the seized U.S. Currency to a facility contracted by HSI to handle currency seizures and the total U.S. Currency seized was determined to be $15,140.00 in U.S. Currency.

## CONCLUSION

28. By reason of the foregoing, Defendant $15,140.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, Plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney
Northern District of Ohio

By: /s/ Henry F. DeBaggis

Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3749 / Fax: 216.522.7499
Henry.DeBaggis@usdoj.gov

## VERIFICATION

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this 15th day of October, 2024.

Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 O. R. C.